IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BIRDA J. MARSHALL | : CIVIL ACTION |
| | : |
| v. | : |
| | : |
| LUCENT TECHNOLOGIES, INC., | : NO. 02-3662-LDD |
| LUCENT BENEFIT TRUST, CIGNA | : |
| INSURANCE COMPANY and | : |
| CONNECTICUT GENERAL LIFE | : |
| INSURANCE COMPANY | : |

**JOINT PROPOSED DISCOVERY PLAN
UNDER Fed.R.Civ.P. 26(f)**

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and ¶2 of the Notice for Rule 16 conference, counsel for Plaintiff, Birda Marshall, and counsel for Defendant, Connecticut General Life Insurance Company, have conferred via telephone and submit the following:

**I.   Rule 26(a) Disclosures**

- Plaintiff's Initial Disclosures will be served by September 15, 2004.

- Defendant's Initial Disclosures were served on December 16, 2002.

**II.  Discovery Otherwise Not Needed**

Plaintiff's Complaint has been brought under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1132, for the purported wrongful denial of long-term disability benefits. Because the plan at issue provides for express discretionary authority, the arbitrary and capricious standard of review is applicable to Plaintiff's cause of action as to which discovery and evidence is limited to the administrative record. The non-privileged portions of said administrative record, including plan documents and the claim file, were produced to Plaintiff's counsel on July 16, 2002.

The Third Circuit has held that when reviewing a denial of benefits under ERISA §1132(a)(1)(B) the "whole" record consists of that evidence that was before the administrator when the decision was being reviewed. Evidence or information not presented to the administrator may not be reviewed by the Court as the Court may only consider evidence available to the administrator at the time the decision was made. See Mitchell v. Eastman Kodak Co., 113 F. 3d 433, 440 (3d Cir. 1997) and Russell v. Paul Revere Life Ins. Co., 288 F.3d 78, 83 (3d Cir. 2002). Also see Stoudt v. Bethlehem Steel Corp. 957 F. Supp. 673 (E.D. Pa. 1997) (the court may only consider evidence available to the administrator at the time the decision was made), Schlegel v. Life Insurance Company of North America, 2003 U.S. Dist. LEXIS 10811, at *12 (E.D. Pa. June 9, 2003) ("a curtain falls when the fiduciary completes its review" and the court's evaluation is of the record as it was at the time of the administrator's decision), Courson v. Bert Bell NFL Player Retirement Plan, 214 F.3d 136 (3d Cir. 2000) (review based upon the administrative record before the Board when it made its decision), Moore v. Hewlett Packard Co., 2000 U.S. Dist. LEXIS 4437 (E.D. Pa. 2000) (the court must confine its review to the evidence before the administrator at the time the challenged decision was made), Garcia v. Fortis Benefits Insurance Co., 2000 U.S. Dist. LEXIS 569 (E.D. Pa. 2000) (the whole record consists of, and is limited to, the facts and evidence that were before the administrator when it made the decision under review) and Cini v. Paul Revere Life Insurance Company, 1999 U.S. Dist. LEXIS 8361 (E.D. Pa. 1999) (the court may only consider the evidence which was before the plan administrator at the time of the final denial).

The parties agree that no further discovery is needed or warranted in this matter as this case should be decided based upon the administrative record as it existed at the time of final

denial. Since the Court's review is limited to the evidence before the claims administrator as of that final review, no further discovery is relevant, necessary or appropriate.

**III.    Changes or Limitations on Discovery Proposed by the Rules**

- See Section II, above.

**IV.    Dispositive Motions**

- Due no later than November 1, 2004

**V.    Alternative Dispute Resolution**

- Subject to the limitations of ERISA, the parties understand that the topic of settlement may not be addressed by the trial judge.

- Not under consideration at this time.

PHILLIPS & BROOKE, P.C.

By:_____
Stuart J. Phillips, Esquire
Two Greenwood Square
3331 Street Road
Bensalem, PA 19020
(215) 633-1800

Attorneys for Plaintiff,
Birda Marshall

WHITE AND WILLIAMS LLP

By:_____
Elizabeth A. Venditta, Esquire
Attorney I.D. No. 36000
1800 One Liberty Place
Philadelphia, PA 19103-7395
(215) 864-6392

Attorneys for Defendant,
Connecticut General Life Insurance Company

Dated: August 11, 2004