IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BIRDA J. MARSHALL** | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| | : | |
| **CONNECTICUT GENERAL LIFE** | : | **NO. 02-3662** |
| **INSURANCE COMPANY** | : | |

BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OF
DEFENDANT, CONNECTICUT GENERAL LIFE INSURANCE COMPANY

**WHITE AND WILLIAMS LLP**

Elizabeth A. Venditta, Esquire
Attorney I.D. No. 36000
1800 One Liberty Place
Philadelphia, PA 19103
215-864-6392

Attorneys for Defendant,
Connecticut General Life Insurance
Company

Date:    October 28, 2004

# TABLE OF CONTENTS

Page

**TABLE OF AUTHORITIES** ................................................................................ ii,iii,iv

**I.**      **INTRODUCTION** .......................................................................................... 1

**II.**     **STATEMENT OF UNDISPUTED FACTS** ................................................... 1

      **A.**    Procedural Background ........................................................................... 1

      **B.**    Terms Of The Lucent LTD Plan ............................................................ 3

      **C.**    Plaintiff's Claim For Disability Benefits .............................................. 6

**III.**    **LEGAL ARGUMENT** .................................................................................. 8

      **A.**    Summary Judgment is Appropriate As There Is No Genuine Issue As To Any Material Fact and Connecticut General Is Entitled To Judgment As A Matter of Law ......................................................................................... 8

      **B.**    The Deferential, Arbitrary And Capricious Standard Of Review Under ERISA Is Applicable To Plaintiff's Claim ........................................................ 9

      **C.**    The Scope Of This Court's Evidentiary Review Is Limited To The Evidence Before Connecticut General At The Time The Decision Was Made .................... 14

      **D.**    Connecticut General's Decision To Deny Plaintiff's Claim For Disability Benefits Was Not Arbitrary and Capricious As A Matter of Law As, *Inter Alia,* She Did Not Meet The Plan's Eligibility Requirements for Disability Benefits ....................................................................................... 16

**IV.**    **CONCLUSION** ........................................................................................... 21

i

# TABLE OF AUTHORITIES

## CASES

Abnathya v. Hoffman-La Roche, Inc., 2 F.3d 40 (3d Cir. 1991)...............................1,11,20

Adamo v. Anchor Hocking Corp., 720 F. Supp. 49l (W.D. Pa. 1989)...........................1,11

Alakozai v. Allstate Insurance Co., 2000 WL 325685 (S.D.N.Y. Mar. 28, 2000)..............1

Black & Decker Disability Plan v. Nord, 538 U.S. 822, 123 S. Ct. 1965, 155 L.
    Ed. 2d 1034 (2003) ....................................................................1,20

Bogue v. Ampex Corp., 750 F. Supp. 424 (N.D. Cal. 1990), aff'd, 976 F.2d 1319
    (9th Cir. 1992), cert. denied, 507 U.S. 1031 (1993).................................1,17

Brogan v. Holland, 105 F.3d 158 (4th Cir. 1997).................................................1

Celotex Corp. v. Catrett, 477 U.S. 317 (1986) ................................................1,9

Chojnacki v. Georgia-Pacific Corp., 108 F.3d 810 (7th Cir. 1997)...............................1,17

Cini v. The Paul Revere Life Insurance Company, 50 F. Supp. 2d 419 (E. D. Pa.
    1999) ...............................................................................1,15

Courson v. Bert Bell NFL Player Retirement Plan, 214 F.3d 136 (3d Cir. 2000)..........1,15

Cvelbar v. CBI Ill. Inc., 106 F.3d 1368 (7th Cir. 1997) ....................................1,17

Davis v. Kentucky Finance Cos. Retirement Plan, 887 F.2d 689 (6th Cir. 1989),
    cert. denied, 495 U.S. 905 (1990) (quoting Pokratz v. Jones Dairy Farm, 771
    F.2d 206, 209 (7th Cir. 1985)) .....................................................1,17

Deibler v. United Food and Commercial Workers' Local Union 23, 973 F.2d 206
    (3d Cir. 1992)........................................................................1,9

Dewitt v. Penn-Del Directory Corp., 106 F.3d 514 (3d Cir. 1997) .............................1,12

Dinote v. United of Omaha Life Ins. Co., 331 F. Supp. 2d 341 (E.D. Pa. 2004).........17,20

Ellis v. Metropolitan Life Ins. Co., 126 F.3d 228 (4th Cir. 1997).........................1

Ferrara v. Allentown Physician Anesthesia Associates, Inc., 711 F. Supp. 206
    (E.D. Pa. 1989)......................................................................1,18

Firestone Tire and Rubber Co. v. Bruch, 489 U.S. 101 (1989) ..................................1,9,10

ii

Gaines v. Amalgamated Ins. Fund, 753 F.2d 288 (3d Cir. 1985)..................................1, 17

Garcia v. Fortis Benefits Insurance Co., 2000 WL. 92340 (E.D. Pa. Jan. 24, 2000) ........15

Grossman v. Marriott International, Inc., 2004 WL 1291969 (E.D. Pa. Jun. 8, 2004) ...............................................................................................................................14

Katz v. Aetna Casualty & Surety Co., 972 F.2d 53 (3d Cir. 1992) ....................................9

Kelly v. Connecticut General Life Ins. Co., 2003 WL 22795648 (E.D. Pa. Nov. 7, 2003) ...................................................................................................................................9

Kosiba v. Merck & Co., 2004 WL. 2029942 (3d Cir. Sept. 13, 2004)................................9

Luby v. Teamsters Health, Welfare & Pension Trust Funds, 944 F.2d 1176 (3d Cir. 1991) ...............................................................................................................10,11

Lucash v. Strick Corp., 602 F. Supp. 430 (E.D. Pa. 1984), aff'd, 760 F. 2d 259 (3d Cir. 1985) ...............................................................................................................11

Miller v. Metropolitan Life Ins. Co., 925 F.2d 979 (6th Cir. 1991) ....................................11

Mitchell v. Eastman Kodak Co., 113 F.3d 433 (3d Cir. 1997)............................11,12,14,17

Moore v. Hewlett Packard Co., 2000 WL 361680 (E.D. Pa. Apr. 7, 2000) ......................15

Nolen v. Paul Revere Life Ins. Co., 32 F. Supp. 2d 211 (E.D.Pa. 1998)............................11

O'Sullivan v. Metropolitan Life Ins. Co., 114 F. Supp. 2d 303 (D.N.J. 2000)..................14

Pinto v. Reliance Standard Life Ins. Co., 214 F.3d 377 (3d Cir. 2000)..............................11

Prince v. Hartford Life and Accident Insurance Co., 780 F. Supp. 1069 (E.D. Va. 1991) ...................................................................................................................................16

Roach v. Prudential Ins. Co., 2003 WL 1880641 (10th Cir. Apr. 16, 2003).....................15

Russell v. Paul Revere Life Ins. Co., 148 F. Supp. 2d 392 (D.Del. 2001), aff'd, 288 F.3d 78 (3rd Cir. 2002) .....................................................................................11,14

Sandoval v. Aetna Life & Cas. Ins. Co., 967 F.2d 377 (10th Cir. 1992)............................15

Schlegel v. Life Ins. Co. of North America, 269 F. Supp. 2d 612 (E.D. Pa. 2003)................................................................................................................11,14,20

DOCS_PH 1648507v1

Stout v. Bethlehem Steel Corp., 957 F. Supp. 673 (E.D. Pa. 1997) ..............................9,15

Torix v. Ball Corp., 862 F.2d 1428 (10th Cir. 1988).........................................................17

## STATUTES

29 U.S.C. §1102(a)(1)...........................................................................................................16

29 U.S.C. §1104(a)(1)...........................................................................................................14

29 U.S.C. §1132(a)(1)........................................................................................................1,16

ERISA, §503(2) [29 U.S.C. §1133(2)] ...............................................................................15

Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001
    *et seq* .................................................................................................................................1

Fed. R. Civ. P. 56(c) ..............................................................................................................8

## MISCELLANEOUS

Restatement (Second) of Trusts §187 (1959) ......................................................................10

DOCS_PH 1648507v1

## I.    INTRODUCTION

This lawsuit involves a claim by Plaintiff, Birda J. Marshall ("Marshall" or "Plaintiff"), for long-term disability benefits under the Lucent Technologies Inc. Long Term Disability Plan for Occupational Employees (the "Lucent LTD Plan") offered by Plaintiff's employer, Lucent Technologies, Inc. ("Lucent") and funded by the Lucent Technologies Inc. Long Term Disability Plans Benefit Trust ("Lucent Trust"). The plan that is the subject of this lawsuit is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001 *et seq.* and, specifically, Plaintiff's claim herein for the purported wrongful denial of disability benefits is pursuant to 29 U.S.C. §1132(a)(1)(B).

Connecticut General, the claims administrator with express discretionary authority but not an insurer of the Lucent LTD Plan, denied long-term disability benefits to the Plaintiff because she did not meet the requirements for "Eligibility for Benefits" as defined in the Lucent LTD Plan. Connecticut General's denial was, in all respects, appropriate and reasonable under the circumstances and within the discretion provided Connecticut General by the Lucent LTD Plan. The plan at issue expressly vests discretion in Connecticut General, as the claims administrator, to interpret and construe the Lucent LTD Plan and determine whether a claimant is eligible for LTD Plan benefits. Connecticut General is entitled to judgment as a matter of law.

## II.    STATEMENT OF UNDISPUTED FACTS

### A.    Procedural Background

Marshall commenced this action by filing a Complaint on or about June 7, 2002 against Connecticut General[1] seeking, *inter alia*, long-term disability benefits pursuant to the Employee

---

[1]    Plaintiff's Complaint originally also named Lucent Technologies, Inc., Lucent Benefit Trust and CIGNA Insurance Company as Defendants, but these entities were voluntarily dismissed by Plaintiff, (and her demand for a jury trial withdrawn), by Stipulation filed on July 17, 2002.

Retirement Income Security Act of 1974 ("ERISA") for the purported wrongful denial of benefits. A copy of Plaintiff's Complaint is submitted as Exhibit "1."

Plaintiff alleges in her Complaint that she is entitled to benefits as an employee of Lucent under the Lucent LTD Plan offered by her employer and funded by the Lucent Trust. Plaintiff's Complaint, ¶¶ 4, 7, 8 and 11. Plaintiff further asserts that Lucent is the plan sponsor and plan administrator of the Lucent LTD Plan and that Lucent contracts some of its administrator duties under the Plan to Connecticut General. Plaintiff's Complaint, ¶¶ 8 and 9. Plaintiff continues in her Complaint that she became totally disabled from her job as an aligner at Lucent on or about July 9, 2000, at which point she claims she left her employment at Lucent due to cervical spine issues, headaches, loss of balance, dizziness, nausea, and pain and numbness in her hands, arms and neck. Plaintiff's Complaint, ¶¶ 13 and 17. She claims that she submitted an application for short-term disability benefits to Lucent and was paid short-term disability benefits by Lucent for a period of 52 weeks. Plaintiff's Complaint, ¶ 14. She continues, however, that her attempts to be placed on long-term disability pursuant to the Lucent LTD Plan have been repeatedly rejected. Plaintiff's Complaint, ¶ 18.

The claims in Plaintiff's Complaint against Connecticut General are predicated upon a purported wrongful denial of long-term disability benefits under the Lucent LTD Plan. Plaintiff's Complaint ¶¶ 2, 5, 8, 13-14.

On July 12, 2002 Connecticut General filed an Answer and Affirmative Defenses to Plaintiff's Complaint, specifically and unequivocally denying, *inter alia*, that Connecticut General wrongfully refused to approve Marshall's long-term disability claim under the Lucent LTD Plan or is otherwise liable to Marshall. A copy of Defendant's Answer and Affirmative Defenses is submitted as Exhibit "2." Thereafter, by Stipulation of counsel approved by Judge

-2-

Davis on September 1, 2004, the Answer of Connecticut General was amended to clarify and

confirm that Connecticut General provided administrative services *only* to the Lucent LTD Plan,

including claims administrative services, and that it did *not* issue any policy of insurance which

would provide benefits under the Lucent LTD Plan.  There is no insurance applicable to the

instant matter; rather, as averred by Plaintiff in her Complaint, the Lucent LTD Plan is funded by

the Lucent Trust.  A copy of the approved Stipulation of September 1, 2004 is submitted as

Exhibit "3."  Also see the Declaration of Richard Lodi, Senior Operations Specialist, submitted

with the Appendix to this Motion.

  This is the Brief in Support of the Motion for Summary Judgment of Connecticut

General.  A Statement of Material Facts in Support of Motion for Summary Judgment, with a

separate statement of undisputed facts in numbered paragraphs along with references to the parts

of the record that support each statement, has been filed contemporaneously herewith and is

incorporated herein by reference, as though set forth in full.

  **B.**  **Terms Of The Lucent LTD Plan**

  As an employee of Lucent, Marshall was an eligible employee under the Lucent LTD

Plan covering certain occupational employees of Lucent.  A copy of the applicable Lucent Long

Term Disability Plan for Occupational Employees Summary Plan Description is submitted as

Exhibit "4," and Bates-numbered CBM00001-00023.[2]

  The Lucent LTD Plan sets forth its "Eligibility for Benefits" requirements, in pertinent

part, as follows:

---

[2]  The administrative records/claims file and Lucent LTD Plan Summary Plan Description applicable to
Marshall's claim are authenticated by and attached to the Declaration of Richard Lodi, a Senior Operations
Specialist for Connecticut General, submitted separately as an Appendix to this Motion and Bates-numbered
CBM00001-00481.

*Eligibility for Benefits*

To receive LTD benefits, you do not have to be hospitalized or confined to a home, but you must meet the following requirements:

- You must be considered disabled under the LTD Plan. **This may differ from being considered disabled for purposes of the Sickness and Accident Disability Benefit Plan,** Lucent Technologies Inc. Pension Plan, workers' compensation, Social Security or other benefits you might be entitled to under a private insurance plan.

- **You must have been disabled for 52 weeks,** receiving sickness disability benefits under the **Sickness and Accident Disability Benefit Plan.**

- **You must be unable to do any job for any employer for which you're qualified,** or may reasonably become qualified by training, education or experience, other than one that pays less than 50% of your **eligible base pay** at the time you became disabled.

- **At all times during your disability, you must be under a physician's care and following the recommended care and course of treatment** to receive benefits.

- You may be required to submit proof of your disability to the Claims Administrator from time to time.

- **The Claims Administrator will determine the extent of your disability based on medical evidence** and reserves the right to have a physician of his or her choice examine you.

See Lucent LTD Plan SPD, submitted as Exhibit "4," **Eligibility for Benefits,** p. 11 (CBM00011), (emphasis supplied).

Notably, the Lucent LTD Plan has a benefit waiting period that *requires* that an eligible employee "must" be "disabled for 52 weeks" and receive 52 weeks of short-term disability benefits under the Lucent Sickness and Accident Disability Benefit Plan before being eligible for benefits under the Lucent LTD Plan. The Plan warns, however, that being considered "disabled" under the Lucent Sickness and Accident Disability Benefit Plan or under Social Security "may

-4-

differ" from "disability" under the Lucent LTD Plan.  Further to be considered "disabled" under

the Lucent LTD Plan the employee *"must be unable to do **any job** for **any employer** for which ...*

*qualified" and "[a]t all times during [the] disability must be under a physician's care and*

*following the recommended care and course of treatment to receive benefits." Id.*  The Lucent

LTD Plan also provides:

> ### When Coverage Ends
>
> Your eligibility for LTD Plan benefits ends when you leave the
> company for any reason other than for a disability covered under
> the LTD Plan.

See Lucent LTD Plan SPD, Exhibit "4," **Eligibility and Participation**, p. 7 (CBM00007).  The

Lucent LTD Plan further provides that:

> If, while you're disabled, you are able to work for an employer
> other than the company, in a job that pays 50% or more of your
> previous eligible base pay, you're no longer covered by the LTD
> Plan.

See Lucent LTD Plan SPD, Exhibit "4," **Employment While You Are Disabled**, p. 4

CBM00012.

Importantly, the Lucent LTD Plan provides **express discretionary authority** as follows:

> ### LTD Plan Sponsor and Administrator
>
> The LTD Plan Administrator has the full discretionary authority
> and power to control and manage all aspects of the LTD Plan, to
> determine eligibility for LTD Plan benefits, to interpret and
> construe the terms and provisions of the LTD Plan, to determine
> questions of fact and law, to direct disbursements, and to adopt
> rules for the administration of the LTD Plan as they may deem
> appropriate in accordance with the terms of the LTD Plan and all
> applicable laws.
>
> The Plan Administrator may allocate or delegate its responsibilities
> for the administration of the LTD Plan to others and employ others
> to carry out or render advice with respect to its responsibilities
> under the LTD Plan, including discretionary authority to interpret

and construe the terms of the LTD Plan, to direct disbursements,
and to determine eligibility for LTD Plan benefits.

See Lucent LTD Plan SPD, Exhibit "4," **LTD Plan Sponsor and Administrator**, p. 16-17,

(CBM00016-17).

In fact, Lucent did allocate/delegate its responsibilities for claims administration of the

Lucent LTD Plan, including such discretionary authority, to Connecticut General, a CIGNA

company. See Lucent LTD Plan SPD, Exhibit "4," **Administrative Information**, pp. 14 and 23,

(CBM00014 and 00023), and the Declaration of Richard Lodi, Senior Operations Specialist,

submitted with the Appendix to this Motion. Connecticut General provided such claims

administrative services, however, any LTD benefits payable pursuant to the Lucent LTD Plan

would be through the Lucent Technologies Inc. Long Term Disability Plans Benefit Trust, i.e.

the Lucent Trust. "LTD Plan benefits are not insured." Connecticut General, a CIGNA

company, "only provides administrative services." See Lucent LTD Plan SPD, Exhibit "4," **Plan

Funding and Payment of Benefits**, p. 16 (CBM00016) and Declaration of Richard Lodi, Senior

Operations Specialist.

　　　　C.　　**Plaintiff's Claim For Disability Benefits**

Defendant incorporates herein by reference, as though set forth in full its Statement of

Material Facts in Support of Motion for Summary Judgment, ¶¶ 18-52, with detailed references

to the administrative-record/claim file in support filed herewith, which includes the following

sections:

> **THE CLAIM RECORD, PLAINTIFF'S MEDICAL
> HISTORY AND HER CLAIM FOR LONG TERM
> DISABILITY BENEFITS UNDER THE LUCENT LTD
> PLAN AS PRESENTED TO CONNECTICUT GENERAL**
>
> **A.　　Plaintiff's Claim to Connecticut General
> For Long Term Disability Benefits**

1.      **Initial Claimant and Employer Contacts**

¶¶18 through 20, with Exhibits 5 to 7.

2.      **Marshall Unresponsive; Claim Denied**

¶21, with Exhibit 8.

3.      **Marshall's Statement Belatedly Received; Claim Reinstated**

¶¶22 through 26, with Exhibits 9 to 13.

4.      **Lucent Medical Absence Records Summary; Functional Capacity Evaluation Report**

¶¶27 through 32, with Exhibit 14.

5.      **Marshall's LTD Disability Questionnaire**

¶¶33 and 34, with Exhibits 15 and 16.

6.      **Medical Consultant/Occupational Consultant Review and Recommendation**

¶35, with Exhibit 17.

7.      **Updated Physician Records Received and Reviewed; Disability Not Supported**

¶¶36 and 37, with Exhibits 18 and 19.

8.      **Transferable Skills Analysis: Jobs Found Meeting Requirements for Transferability**

¶38, with Exhibit 20.

9.      **Second Medical Consultant/Occupational Consultant Review and Recommendation**

¶39, with Exhibit 21.

10.     **Additional Physicians' Responses**

¶40, with Exhibit 22.

11.     **Connecticut General's Determination: LTD Benefits Denied, Marshall Does Not**

**Meet Definition of Total Disability Under Lucent LTD Plan**

¶41, with Exhibit 23.

**B.    Marshall Appeals with Attorney Assistance**

**1.    Appeal Received and Acknowledged: Additional Medical Documentation Requested**

¶¶42 through 46, with Exhibits 24 to 28.

**2.    Appeal Team Referral and Review: Appeal Denied**

¶¶47 and 48, with Exhibits 29 and 30.

**C.    Attorney Files Second Appeal, Threatens Suit and Files Suit Before Second Appeal Review Completed**

**1.    Duplicate Medical Information Submitted; Social Security Explanation**

¶¶49 through 51, with Exhibits 31 to 33.

**2.    Requested Information Not Forthcoming; Suit Filed Prior to Completion of Review**

¶52.

## III.    LEGAL ARGUMENT

**A.    Summary Judgment is Appropriate As There Is No Genuine Issue As To Any Material Fact and Connecticut General Is Entitled To Judgment As A Matter of Law**

Summary judgment is appropriate if the moving party can, by administrative record, "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The pleadings and claim of Plaintiff establish that there is no genuine issue as to any material fact and that Connecticut General is entitled to judgment as a matter of law. If a party "fails to make a showing sufficient to establish the existence of an element essential to that parties' case, and on which the party will bear the

burden of proof at trial, (such as Marshall's burden of proving that Connecticut General acted

arbitrarily and capriciously in denying her claim for long-term disability benefits under the

Lucent LTD Plan, Stout v. Bethlehem Steel Corp., 957 F. Supp. 673, 691 (E.D. Pa. 1997)), "the

court will grant summary judgment." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Katz

v. Aetna Casualty & Surety Co., 972 F.2d 53, 55 (3d Cir. 1992).

The material facts needed to resolve the matter at issue are not in dispute and Connecticut

General is entitled to judgment as a matter of law.

### B. The Deferential, Arbitrary And Capricious Standard Of Review Under ERISA Is Applicable To Plaintiff's Claim

Where the terms of an employee benefit plan provide discretionary authority to the

fiduciary to determine entitlement to benefits or to construe the terms of the Plan, the fiduciary's

decision will be granted deference and will only be overturned where the decision is arbitrary

and capricious. Firestone Tire and Rubber Co. v. Bruch, 489 U.S. 101 (1989). The Lucent LTD

Plan here expressly vests discretion in Connecticut General to determine eligibility for benefits.

Therefore, this Court should review Connecticut General's decision to deny benefits under a

discretionary arbitrary and capricious standard. Deibler v. United Food and Commercial

Workers' Local Union 23, 973 F.2d 206 (3d Cir. 1992). Because there is no insurance involved

under the subject Lucent LTD Plan, which gives Connecticut General express discretionary

authority, and with the funding of said Plan being through the Lucent Trust, the Court's review

should be unheightened and give full deference to the decision of Connecticut General under the

terms of the plan. See Kosiba v. Merck & Co., 2004 WL 2029942 at *1 (3d Cir. Sept. 13, 2004);

Kelly v. Connecticut General Life Ins. Co., 2003 WL 22795648 at *4 (E.D. Pa. Nov. 7, 2003)

The issue framed by the Supreme Court in Firestone, involved "the appropriate standard

of review in §1132(a)(1)(B) actions challenging denials of benefits based on plan

-9-

interpretations." Firestone, *supra*, 489 U.S. at 108. The Supreme Court ruled that trust law

principles are applicable with respect to plan interpretation determinations: "In determining the

appropriate standard of review for actions under §1132(a)(1)(B), we are guided by principles of

trust law." *Id.* at 111. Trust law principles permit the application of a deferential standard of

review where the terms of the plan permit the fiduciary to exercise discretion:

> Trust principles make a deferential standard of review appropriate
> when a trustee exercises discretionary powers. See Restatement
> (Second) of Trusts §187 (1959) ("[w]here discretion is conferred
> upon the trustee with respect to the exercise of a power, its
> exercise is not subject to control by the court except to prevent an
> abuse by the trustee of his discretion")...A trustee may be given
> power to construe disputed or doubtful terms, and in such
> circumstances the trustee's interpretation will not be disturbed if
> reasonable...Whether 'the exercise of a power is permissive or
> mandatory depends upon the terms of the trust'... Hence, over a
> century ago we remarked that '[w]hen trustees are in existence,
> and capable of acting, a court of equity will not interfere to control
> them in the exercise of a discretion vested in them by the
> instrument under which they act'....

*Id.* Hence, where the terms of an employee welfare benefit plan grant discretion to the claims

fiduciary, like in the instant matter, the claims fiduciary's decision will be granted deference. *Id.*

at 115.

The Third Circuit applied Firestone in Luby v. Teamsters Health, Welfare & Pension

Trust Funds, 944 F. 2d 1176 (3d Cir. 1991). Under Luby, where a claims administrator is

granted discretionary authority to grant or deny benefits, the claims administrator's factual

determinations as well as interpretations of the plan are reviewed under the arbitrary and

capricious standard. *Id.* at 1183-84. Under the deferential arbitrary and capricious standard, a

district court may overturn a claims administrator's decision only if it is "'without reason,

unsupported by substantial evidence or erroneous as a matter of law.'" Further, "'the court is not

free to substitute its own judgment for that of the defendants in determining eligibility for plan

-10-

benefits.'" <u>Abnathya v. Hoffman-La Roche, Inc.</u>, 2 F.3d 40, 45 (3d Cir. 1991) (*citing* <u>Adamo v. Anchor Hocking Corp.</u>, 720 F. Supp. 49l, 500 (W.D. Pa. 1989); <u>Miller v. Metropolitan Life Ins. Co.</u>, 925 F.2d 979, 983 (6th Cir. 1991); <u>Lucash v. Strick Corp.</u>, 602 F. Supp. 430, 434 (E.D. Pa. 1984), *aff'd,* 760 F. 2d 259 (3d Cir. 1985)). <u>Also</u> <u>see</u> <u>Schlegel v. Life Insurance Co. of N. America</u>, 269 F.Supp.2d 612 (E.D. Pa. 2003).

This discretionary authority need not be expressly granted. Rather, it may be implied from the plan's terms as a whole. <u>Luby</u>, *supra*, 944 F. 2d at 1180; <u>Nolen v. Paul Revere Life Ins. Co.</u>, 32 F.Supp.2d 211, 214 (E.D.Pa. 1998); <u>Russell v. Paul Revere Life Ins. Co.</u>, 148 F. Supp.2d 392, 400-401 (D.Del. 2001), *aff'd*, 288 F.3d 78 (3rd Cir. 2002); <u>Pinto v. Reliance Standard Life Ins. Co.</u>, 214 F.3d 377 (3d Cir. 2000). Therefore, the applicable standard of review depends upon whether the terms of the Lucent LTD Plan here granted Connecticut General the discretion to act as a finder of fact in assessing whether Plaintiff was disabled and met the terms of eligibility for LTD Plan benefits. *See* <u>Mitchell v. Eastman Kodak Co.</u>, 113 F.3d 433, 438 (3d Cir. 1997); <u>Luby</u>, *supra*, 944 F.2d at 1180.

Clearly, the Lucent LTD Plan gives Connecticut General authority to determine entitlement to benefits. This **express authority** is stated as follows:

> ### *LTD Plan Sponsor and Administrator*
>
> The LTD Plan Administrator has the full discretionary authority and power to control and manage all aspects of the LTD Plan, to determine eligibility for LTD Plan benefits, to interpret and construe the terms and provisions of the LTD Plan, to determine questions of fact and law, to direct disbursements, and to adopt rules for the administration of the LTD Plan as they may deem appropriate in accordance with the terms of the LTD Plan and all applicable laws.
>
> The Plan Administrator may allocate or delegate its responsibilities for the administration of the LTD Plan to others and employ others to carry out or render advice with respect to its responsibilities under the LTD Plan, including discretionary authority to interpret

-11-

and construe the terms of the LTD Plan, to direct disbursements,
and to determine eligibility for LTD Plan benefits.

See Lucent LTD Plan SPD, Exhibit "4," LTD Plan Sponsor and Administrator, p. 16-17,

(CBM00016-17).

Lucent allocated/delegated its responsibilities for claim administration of the Lucent LTD

Plan to Connecticut General, a CIGNA company.  See Lucent LTD Plan SPD, Exhibit "4,"

**Administrative Information**, pp. 14 and 23 (CBM00014 and 00023) and Declaration of

Richard Lodi submitted with the Appendix.

The Lucent LTD Plan language makes it clear that Connecticut General had express

discretion to make the determination at issue.  Indeed, the language contained in the Lucent LTD

Plan is no different from the types of plan language often cited as supporting application of a

deferential arbitrary and capricious standard of review under ERISA.  See e.g. Mitchell v.

Eastman Kodak Co., *supra*. (Discretion where plan states "Administrator shall have full

discretionary authority...Administrator's decision shall be final and binding..."); Dewitt v. Penn-

Del Directory Corp., 106 F. 3d 514 (3d Cir. 1997) (discretion where plan states "Committee is

specifically authorized and empowered...to construe or interpret the provisions of the plan....

The determination of the Committee shall be final and conclusive upon all").

The Lucent LTD Plan clearly grants Connecticut General discretion to make the

determinations at issue.  This Court's review should therefore be under the unadulterated

discretionary, deferential arbitrary and capricious standard of review and Connecticut General's

decision to deny Marshall's claim for benefits must be upheld unless arbitrary and capricious.

The Lucent LTD Plan gives Connecticut General discretion with final, binding and

conclusive authority and the burden is on Marshall to prove that Connecticut General's decision

-12-

was without reason, unsupported by substantial evidence or erroneous as a matter of law, which is specifically and unequivocally denied, and cannot be supported by the record herein.

Under the applicable plan, Marshall's submission was not sufficient to support her claim of entitlement to long-term disability benefits. Marshall failed to meet the requirements for Eligibility for Benefits as defined in the Lucent LTD Plan as the evidence did not support the contention that Marshall was *unable to do any job for any employer* for which she was qualified or might reasonably become qualified because of her claimed condition. The medical evidence did not support disability from performing any occupation and her own treating physicians did not restrict or limit her from performing any occupation. Notably, the Social Security determination confirmed that Marshall had not been disabled for 52 weeks as required by the Lucent LTD Plan. The denial of benefits was proper and, therefore, summary judgment is appropriate. Connecticut General had Plaintiff's claim thoroughly reviewed through multiple levels, by medical consultants and occupational consultants, and with the benefit of a Functional Capacity Evaluation and a Transferable Skills Analysis. The claims decision was made on the record before Connecticut General, amply demonstrating that Marshall did not meet the requirements for "Eligibility for Benefits" as defined by the Plan and with a reasonable basis in fact supporting the decision, and, therefore, summary judgment is appropriate. There was no abuse of discretion here.

The undisputed facts of this matter, as set forth in detail in the accompanying Statement of Material Facts in Support of Motion, are clear. Connecticut General is entitled to summary judgment as its decision to deny Marshall long-term disability benefits under the Lucent LTD Plan was reasonable as a matter of law.

**C.    The Scope Of This Court's Evidentiary Review Is Limited To The Evidence Before Connecticut General At The Time The Decision Was Made**

In reviewing the decision to deny Plaintiff's claim for benefits, this court is limited to a review of the evidence that was before Connecticut General at the time of its decision.  Mitchell v. Eastman Kodak Co., *supra,* 113 F. 3d at 440 (3d Cir. 1997).

ERISA imposes a uniform standard of conduct upon fiduciaries of employee welfare benefit plans which are regulated by ERISA.  Specifically, ERISA provides that:

> [A] fiduciary shall discharge his duties with respect to a plan...with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims....

29 U.S.C. §1104(a)(1)(B) (emphasis supplied).

Because the statute itself expressly imposes the fiduciary standard with respect to "circumstances then prevailing" at the time a fiduciary decision is made, the Third Circuit has held that a trial court's review of a fiduciary's decision is limited to the evidence before the fiduciary at the time the decision was made.  Mitchell v. Eastman Kodak Co., *supra*, 113 F. 3d at 440 (when reviewing a denial of benefits under ERISA, "whole" record consists of evidence before the administrator).  *Also see*, Russell v. Paul Revere, *supra*, 288 F.3d at 83 (3rd Cir. 2002) (evidence or information not presented to the administrator may not be reviewed by the trial court), Schlegel v. Life Ins. Co. of N. America, *supra*, 269 F.Supp.2d at 618, quoting O'Sullivan v. Metropolitan Life Ins. Co., 114 F.Supp.2d 303, 309 (D.N.J. 2000) (finding "no applicable authority that would support looking beyond the administrative record when deferentially reviewing a plan administrator's factual determination that a claimant is ineligible for benefits"), Grossman v. Marriott International, Inc., 2004 WL 1291969 at *3 (E.D. Pa. Jun. 8, 2004) (the court must consider only that information available to the administrator during the claims review

-14-

process), <u>Moore v. Hewlett Packard Co.</u>, 2000 WL 361680 (E.D. Pa. Apr. 7, 2000), (the court

must confine its review to the evidence before the administrator at the time the challenged

decision was made), <u>Garcia v. Fortis Benefits Insurance Co.</u>, 2000 WL 92340 (E.D. Pa. Jan. 24,

2000) (the whole record consists of, and is limited to, the facts and evidence that were before the

administrator when it made the decision under review), <u>Courson v. Bert Bell NFL Player</u>

<u>Retirement Plan</u>, 214 F. 3d 136 (3d Cir. 2000), (review based upon the administrative record

before the Board when it made its decision), <u>Cini v. The Paul Revere Life Insurance Company</u>,

50 F.Supp.2d 419, (E. D. Pa. 1999), (the court may only consider the evidence which was before

the plan administrator at the time of the final denial) and <u>Stout v. Bethlehem Steel Corp.</u>, 957 F.

Supp. 673 (E.D. Pa. 1997) (court may consider evidence available to administrator at the time

decision was made). As the Tenth Circuit aptly explained:

> "If a plan participant fails to bring evidence to the attention of the
> administrator, the participant cannot complain of the
> administrator's failure to consider this evidence. [A plaintiff] is
> not entitled to a second chance to prove his disability. The district
> court's responsibility lay in determining whether the
> administrator's actions were arbitrary and capricious, <u>not</u> in
> determining whether [the plaintiff] was, in the district court's view,
> entitled to disability benefits. In effect, a curtain falls when the
> fiduciary completes its review, and for purposes of determining if
> substantial evidence supported the decision, the district court must
> evaluate the record as it was at the time of the decision."

<u>Roach v. Prudential Ins. Co.</u>, 2003 WL 1880641, at *3 (10th Cir. Apr. 16, 2003) (slip opinion),

(<u>quoting</u> <u>Sandoval v. Aetna Life & Cas. Ins. Co.</u>, 967 F.2d 377, 381 (10th Cir. 1992).

ERISA states that a plan must provide an opportunity for review of denied benefit claims

by "the appropriate named fiduciary." ERISA, §503(2) [29 U.S.C. §1133(2)]. Under the Lucent

LTD Plan, Connecticut General was the claims administrator. Moreover, Connecticut General

was the named fiduciary for purposes of reviewing claims for long-term disability benefits under

the Plan. As the appropriate named fiduciary for purposes of reviewing benefit claims under

-15-

ERISA and applicable regulations, Connecticut General had discretionary authority to determine

eligibility for plan benefits. <u>Prince v. Hartford Life and Accident Insurance Co.</u>, 780 F. Supp.

1069 (E.D. Va. 1991). The evidence that was before Connecticut General at the time of its

decision as claims administrator and as the named fiduciary is the *only* evidence to be

considered.

> **D.    Connecticut General's Decision To Deny Plaintiff's Claim For Long-Term**
> **Disability Benefits Was Not Arbitrary and Capricious As A Matter of Law**
> **As, *Inter Alia*, She Did Not Meet The Plan's Eligibility Requirements for**
> **Disability Benefits**

ERISA requires that "[e]very employee benefit plan ... be established and maintained

pursuant to a written instrument." 29 U.S.C. §1102(a)(1). Moreover, §1132, under which

Marshall seeks recovery, permits a plan beneficiary or participant to recover benefits only "under

the terms of [the] plan." 29 U.S.C. § 1132(a)(1)(B). Marshall acknowledges that the terms of

the Plan are governed by a written instrument, namely the Lucent LTD Plan. See Plaintiff's

Complaint submitted as Exhibit "1." Connecticut General properly relied on the provisions of

the Lucent LTD Plan in denying Marshall's claim for benefits under the Plan. This decision was

neither arbitrary nor capricious as a matter of law. In fact, Connecticut General in reviewing this

claim, had it thoroughly reviewed, as stated above, through multiple levels, by medical

consultants and occupational consultants and with the benefit of a Functional Capacity

Evaluation and a Transferable Skills Analysis. The evidence presented did not establish that

Marshall was disabled under the terms of the Plan. The evidence did not document that Marshall

was unable, *inter alia*, to "do any job for any employer for which...qualified," "disabled for 52

weeks," and "[a]t all times...under a physician's care and following the recommended care and

course of treatment," because of her purported condition. Her own treating physicians did not

restrict or limit her from performing any occupation. Connecticut General's decision that she

failed to meet the eligibility criteria in the subject Plan was reasonable and appropriate. The denial of benefits was proper.

Under the arbitrary and capricious standard, it is not the court's function to decide whether it would have reached the same conclusions as the claim administrator. Cvelbar v. CBI Ill. Inc., 106 F.3d 1368, 1379 (7th Cir. 1997). Rather, the court's role is to determine solely whether the decision was completely unreasonable. Chojnacki v. Georgia-Pacific Corp., 108 F.3d 810, 815 (7th Cir. 1997). The "'scope of review is narrow, and the court is not free to substitute its own judgment for that of the [administrator] in determining eligibility for plan benefits.'" Dinote v. United of Omaha Life Ins. Co., 331 F.Supp.2d 341 (E.D. Pa. 2004), quoting Mitchell v. Eastman Kodak Co., supra, 113 F.3d at 440. This standard is the least demanding form of judicial review of administrative action. When it is possible to offer a reasoned explanation, based on the evidence, for a particular outcome, "that outcome is not arbitrary or capricious." Davis v. Kentucky Finance Cos. Retirement Plan, 887 F.2d 689, 693 (6th Cir. 1989), cert. denied, 495 U.S. 905 (1990) (quoting Pokratz v. Jones Dairy Farm, 771 F.2d 206, 209 (7th Cir. 1985)). A decision is not arbitrary and capricious as a matter of law if it is "possible" to offer a "reasoned explanation," based upon the administrative record. Davis, supra, 887 F.2d at 693.

Under the arbitrary and capricious standard "[a] plan interpretation should be upheld even if the court disagrees with it, so long as the interpretation is rationally related to a valid plan purpose and not contrary to the plain language of the plan." Gaines v. Amalgamated Ins. Fund, 753 F.2d 288, 289 (3d Cir. 1985). See also Torix v. Ball Corp., 862 F.2d 1428, 1429 (10th Cir. 1988) (decision of administrator of employee benefit plan is not arbitrary or capricious if it is a reasonable interpretation of the plan's terms and made in good faith); Bogue v. Ampex Corp.,

750 F. Supp. 424, 429 (N.D. Cal. 1990), *aff'd*, 976 F.2d 1319 (9th Cir. 1992), *cert. denied*, 507 U.S. 1031 (1993) (plan administrators act arbitrarily and abuse their discretion if they render decisions without any explanation, or construe or apply the plan in a way that clearly conflicts with the plain language of the plan).

Consequently, in applying the arbitrary and capricious standard, the fundamental question is whether the decision maker's interpretation of the plan is reasonable; the question is not whether the decision was correct or whether the court would have reached the same conclusion. Ferrara v. Allentown Physician Anesthesia Associates, Inc. 711 F.Supp. 206, 211 (E.D. Pa. 1989) (plan administrators' decision that participant's account vested based on "years of participation" rather than "years of service" was not arbitrary and capricious in light of the language in plan documents).

The starting point for determining whether Connecticut General's decision was reasonable is reviewing the language of the Lucent LTD Plan. Here, Connecticut General's denial of Marshall's claim for benefits was reasonable under the language of the Plan. She did not meet the criteria for "eligibility for benefits." As set forth in detail in the Statement of Material Facts/Motion, the undisputed facts clearly show a rational, reasonable claims decision based upon the evidence available to Connecticut General at the time the decision was made. Connecticut General acted reasonably as has been more than amply demonstrated in that it:

- requested, followed-up and acquired pertinent medical records including requests to Marshall's treating physicians for response to specific questions regarding the claim and Physical Ability Assessments, Exhibits 6, 7, 12, 13, 14, 16, 18, 19, 22, 25, 26, 27, 28, 33 and CBM00066-152;

- requested that Marshall and her counsel supply any medical records or other documentation in support of the claim for review, Exhibits 6, 7, 16, 25, 26, 27 and 33;

-18-

- was in contact with Marshall's employer, Lucent, regarding Marshall's medical absence claim, job description, Functional Capacity Evaluation and other information, Exhibits 5, 12 and 14;

- was in frequent communication with Marshall and/or Marshall's counsel, regarding the claim, Exhibits 6, 7, 8, 10, 11, 16, 23, 25, 26, 27, 32 and 33;

- acquired the Functional Capacity Evaluation Summary Report and data, Exhibits 14 and 20;

- reviewed the claim with Medical and Occupational Consultants, Exhibits 17 and 21;

- acquired a Transferable Skills Analysis identifying multiple jobs, including Marshall's own job, as meeting the requirements for transferability, Exhibit 20;

- wrote to Marshall reviewing with her the definition of disability and the requirements of the Lucent LTD Plan, summarizing in a Medical Assessment the medical records received, the Functional Capacity Evaluation and the Transferable Skills Analysis, and concluding, *inter alia,* that based on the foregoing Marshall did not satisfy the definition of total disability in the Lucent LTD Plan and that she retained the ability to perform other work, Exhibit 23;

- acknowledged an appeal of the determination and sought additional medical documentation for review on appeal, Exhibits 25, 26 and 27;

- completed an Appeal Review on Appeal Team Referral in Pittsburgh, Exhibit 29;

- wrote to Marshall again summarizing pertinent portions of the Lucent LTD Plan defining disability under said Plan, summarizing the medical documentation through Medical Assessment and the conclusion, *inter alia*, that the documentation on file does not show that Marshall is unable to perform any occupation, that no information has been provided to refute Marshall's level of functionality as provided by her treating physician, Dr. Flores, and the Functional Capacity Evaluation, or documentation that supports an inability to perform the occupations identified in the Transferable Skills Analysis, and advising the appeal was denied, Exhibit 30;

- received the Social Security Administration file and correspondence from Marshall's counsel indicating Marshall could have done other work from July 9, 2000 to January 25, 2001, Exhibit 31;

- acknowledged Marshall's second appeal and forwarded Marshall's claim to its Disability Appeals Team in Dallas, Texas, Exhibits 32 and 33; and

- received suit filed by Marshall's counsel, nothing further having been submitted in response to specific requests for purposes of second review and prior to Dallas Appeal Team's review.

There was no abuse of discretion here as Connecticut General reasonably concluded that the evidence did not establish that Marshall was eligible for benefits. The evidence presented did not establish that Marshall was disabled under the terms of the Plan. The denial of benefits was based on substantial evidence in the record and, therefore, summary judgment is appropriate.

The administrative record clearly demonstrates Marshall's denial was reasonable and hence, not arbitrary and capricious. See the Exhibits and the Appendix filed herewith with the complete claim file. Marshall's claim simply did not meet the plain language of the policy at issue. The Supreme Court has stated that "[c]ourts may not impose on plan administrators a discrete burden of explanation when they credit reliable evidence that conflicts with a treating physician's evaluation." Black & Decker Disability Plan v. Nord, 538 U.S. 822, 833, 123 S.Ct. 1965, 155 L.Ed.2d 1034 (2003). Further, it has been held not incorrect to deny LTD benefits for lack of objective medical evidence for conditions, like Marshall's, with known etiologies. Dinote v. United of Omaha, supra, 331 F.Supp at 349; Schlegel v. Life Ins. Co. of N. America, supra, 269 F.Supp.2d at 628.

As stated repeatedly, under the abuse of discretion standard, the Court may overturn the claim administrator's decision only if it was made "without reason" or is "unsupported by substantial evidence or erroneous as a matter of law." Abnathya v. Hoffman-LaRoche, Inc., 2 F.3d 40, 45 (3d Cir. 1993) (citations omitted). These principles are applicable even if a third party or this Court may have reached a different decision. A fiduciary's benefit decision is not arbitrary and capricious simply because another decision may also have been logical, or because another decision may have been a better decision. Id.

Connecticut General's denial of benefits was neither arbitrary, capricious or without rational basis. The claims decision was made on the record before the claims administrator, with a reasonable basis. The decision was not only rational, but also correct, based upon the evidence available to Connecticut General at the time the decision was made. There was no abuse of discretion here. Connecticut General's decision should be upheld by this court. Summary judgment is appropriate.

## IV.    CONCLUSION

Connecticut General's decision to deny Marshall's claim for disability benefits under the policy was not arbitrary and capricious as a matter of law. The administrative record amply demonstrates that Connecticut General's decision to deny benefits was supported by substantial evidence and therefore reasonable. For all the foregoing reasons, Defendant, Connecticut General Life Insurance Company, respectfully requests summary judgment in its favor and that the Plaintiff's Complaint be dismissed with prejudice as Connecticut General's decision in this case was not arbitrary and capricious and must be upheld as a matter of law.

Respectfully submitted,

**WHITE AND WILLIAMS LLP**

By: _____
         Elizabeth A. Venditta, Esquire
         Attorney I.D. No. 36000
         1800 One Liberty Place
         Philadelphia, PA 19103
         215-864-6392

Attorneys for Defendant,

Connecticut General Life Insurance Company

Dated: October 28, 2004

-21-

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BIRDA J. MARSHALL** | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| | : | |
| **CONNECTICUT GENERAL LIFE** | : | **NO. 02-3662** |
| **INSURANCE COMPANY** | : | |

### CERTIFICATE OF SERVICE

I, Elizabeth A. Venditta, counsel for Defendant, Connecticut General Life Insurance Company, hereby certify that on **October 28, 2004**, the foregoing Brief in Support of Motion for Summary Judgment of Defendant, Connecticut General Life Insurance Company, and this Certificate, were filed electronically and are available for viewing and downloading from the ECF system and, further, I caused a true and correct copy of same to be served upon the following counsel for the Plaintiff by placing same in the U. S. mail, first class and postage prepaid:

Stuart J. Phillips, Esquire
Phillips & Brooke, P.C.
Two Greenwood Square, Suite 225
3331 Street Road
Bensalem, PA 19020

**WHITE AND WILLIAMS LLP**

By: _____

Elizabeth A. Venditta, Esquire
Attorney I.D. No. 36000
1800 One Liberty Place
Philadelphia, PA 19103
215-864-6392

Attorneys for Defendant,
Connecticut General Life Insurance Company