IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BIRDA J. MARSHALL** | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| **CONNECTICUT GENERAL LIFE INSURANCE COMPANY** | : | NO. 02-3662 |
| | : | |

### RESPONSE IN OPPOSITION OF DEFENDANT, CONNECTICUT GENERAL LIFE INSURANCE COMPANY, TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Defendant, Connecticut General Life Insurance Company ("Responding Defendant" or "Connecticut General"), by and through its attorneys, White and Williams LLP, hereby responds in opposition to Plaintiff's Motion for Summary Judgment as follows:

1. Admitted in part; denied in part. It is admitted that Plaintiff instituted this suit in the U.S. District Court for the Eastern District of PA alleging jurisdiction *only* pursuant to the U.S.C. sections alleged. It is further admitted that this Court has jurisdiction pursuant to 29 U.S.C. §1132(e)(1) and 28 U.S.C. §1331. The remaining averments of this paragraph are denied, as the cause of action Plaintiff has brought is not pursuant to the sections she claims, but rather pursuant to 29 U.S.C. §1132(a)(1)(B). Further, supplemental jurisdiction is not applicable to Plaintiff's claims as pled and as amended.

2. Denied as a conclusion of law and/or otherwise denied. As a former employee of Lucent, Marshall was, for a time, an eligible employee for enrollment under the Lucent LTD Plan covering certain occupational employees of Lucent. A copy of the applicable Lucent Long Term Disability Plan for Occupational Employees Summary Plan Description has been submitted by both parties as Exhibit "4" respectively, and is Bates-numbered CBM00001-00023.

3. Denied as a conclusion of law and/or otherwise denied. Responding Defendant incorporates herein by reference, as though set forth in full, its response to paragraph 2, above, and its answers to paragraphs 7 and 8 of Plaintiff's Complaint.

4. Admitted.

5. Denied as stated. Connecticut General received an Employee's Statement of Claim for long term disability benefits signed by Marshall on May 31, 2001 wherein she described her condition as "Headaches, Nausea, dizziness, Neck Pain" and claimed that this condition first appeared on "6/27/01" and that she first became disabled on "7/9/01" (query the accuracy of these dates). Exhibit "9," (CBM00451).[1] Marshall's neurologist, Dr. Perkins, had earlier reported that Marshall's symptoms were difficult to relate to any purported disc bulging in the cervical spine (Exhibit "19," CBM00331-332) and Marshall herself reported that Dr. Perkins did not think her alleged headaches and dizziness were neck-related (Exhibit "14," CBM00408). Depression, stress and perimenopause were among the diagnoses considered, as the etiology of these subjective complaints was unclear. Exhibit "14," (CBM00373). Her headaches were controlled and treated with medication. Exhibit "19," (CBM00339-340).

Marshall failed to meet the requirements for Eligibility for Benefits as defined in the Lucent LTD Plan as the evidence did not support the contention that Marshall was *unable to do any job for any employer* for which she was qualified or might reasonably become qualified because of her purported sickness. *The medical evidence did not support disability from performing any occupation and her own treating physicians did not restrict or limit her from performing any occupation.* Notably, the Social Security determination confirmed that Marshall

---

[1] References to "Exhibits" in this Response in Opposition will be to the Exhibits filed with Connecticut General's Statement of Material Facts/Motion for Summary Judgment, with the Bates-numbers referencing the Bates-numbered claims file/administrative record produced as the Appendix to same.

had **not** been disabled for 52 weeks as required by the Lucent LTD Plan. Exhibit "31," (CBM00069-70).

Connecticut General had Plaintiff's claim thoroughly reviewed through multiple levels, by medical consultants and occupational consultants, and with the benefit of a Functional Capacity Evaluation and a Transferable Skills Analysis. Exhibits "20" and "14," (CBM00319-320 and CBM00382-386). The claims decision was made on the record before Connecticut General, amply demonstrating that Marshall did not meet the requirements for "Eligibility for Benefits" as defined by the Plan and with a reasonable basis in fact supporting the decision. Responding Defendant incorporates herein by reference, as though set forth in full, its Statement of Material Facts, particularly paragraphs 27-49, and its Brief in Support of Motion for Summary Judgment of Defendant, Connecticut General Life Insurance Company.

6. Admitted in part; denied in part. It is admitted only that Marshall received benefits under the Lucent Sickness and Accident Disability Benefit Plan. It is specifically and unequivocally denied that Connecticut General administered said plan, made the determination regarding Marshall's eligibility for benefits thereunder, or that this was a "comparable" plan. To the contrary, Marshall's former employer, Lucent, made said determination. Exhibit "14," (CBM00401-412, 361-391) and CBM00392-400. The remaining averments of this paragraph are denied as stated or otherwise denied. Responding Defendant incorporates herein by reference, as though set forth in full, its Statement of Material Facts (paragraphs 27 to 32) and its Brief in Support of Motion for Summary Judgment of Defendant, Connecticut General Life Insurance Company.

7. Admitted, except for the phrase "[s]imultaneously, on her doctors instructions."

8. Denied as a conclusion of law and/or otherwise denied. Responding Defendant incorporates herein by reference, as though set forth in full, its Statement of Material Facts and its Brief in Support of Motion for Summary Judgment of Defendant, Connecticut General Life Insurance Company.

9. Denied as a conclusion of law and/or otherwise denied. Responding Defendant incorporates herein by reference, as though set forth in full, its Statement of Material Facts and its Brief in Support of Motion for Summary Judgment of Defendant, Connecticut General Life Insurance Company, including, for example, Plaintiff's Functional Capacity Evaluation and the Transferable Skills Analysis. Exhibits "20" and "14," (CBM00319-320 and CBM00382-386).

10. Admitted.

11. Admitted.

12. Denied as a conclusion of law and/or otherwise denied. Responding Defendant incorporates herein by reference, as though set forth in full, its Statement of Material Facts and its Brief in Support of Motion for Summary Judgment of Defendant, Connecticut General Life Insurance Company.

WHEREFORE, Defendant, Connecticut General Life Insurance Company, respectfully prays that the Plaintiff's Motion for Summary Judgment be denied and that Connecticut General

-5-

Life Insurance Company's Motion for Summary Judgment be granted.

                Respectfully submitted,

                **WHITE AND WILLIAMS LLP**

By: _/s/ Elizabeth A. Venditta_
      Elizabeth A. Venditta, Esquire
      Attorney I.D. No. 36000
      1800 One Liberty Place
      Philadelphia, PA 19103
      215-864-6392

      Attorneys for Defendant,
      Connecticut General Life Insurance
      Company

Dated: November 29, 2004

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BIRDA J. MARSHALL** | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| **CONNECTICUT GENERAL LIFE INSURANCE COMPANY** | : | NO. 02-3662 |
| | : | |

## CERTIFICATE OF SERVICE

I, Elizabeth A. Venditta, counsel for Defendant, Connecticut General Life Insurance Company, hereby certify that on **November 29, 2004**, the foregoing Response in Opposition of Defendant, Connecticut General Life Insurance Company, to Plaintiff's Motion for Summary Judgment, with proposed Order and this Certificate, were filed electronically and are available for viewing and downloading from the ECF system and, further, I caused a true and correct copy of same to be served upon the following counsel for the Plaintiff by placing same in the U. S. mail, first class and postage prepaid:

Stuart J. Phillips, Esquire
Phillips & Brooke, P.C.
Two Greenwood Square, Suite 225
3331 Street Road
Bensalem, PA 19020

WHITE AND WILLIAMS LLP

By: _____
Elizabeth A. Venditta, Esquire
Attorney I.D. No. 36000
1800 One Liberty Place
Philadelphia, PA 19103
215-864-6392

Attorneys for Defendant,
Connecticut General Life Insurance
Company

DOCS_PH 1666027v1